NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# Arizona Court of Appeals
## Division One

---

DANIEL COE, *Plaintiff/Appellant,*

*v.*

MARICOPA MEADOWS HOMEOWNERS ASSOCIATION,
*Defendant/Appellee.*

No. 1 CA-CV 21-0641
FILED 12-13-2022

---

Appeal from the Superior Court in Maricopa County
No. CV2021-005014
The Honorable Katherine Cooper, Judge

**AFFIRMED**

---

COUNSEL

Dessaules Law Group, Phoenix
By Jonathan A. Dessaules, F. Robert Connelly, David E. Wood
*Counsel for Plaintiff/Appellant*

Childers Hanlon & Hudson, PLC, Phoenix
By Christopher J. Bork
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Peter B. Swann[1] delivered the decision of the court, in which Presiding Judge Maria Elena Cruz and Judge Angela K. Paton joined.

---

**S W A N N**, Judge:

¶1        Daniel Coe appeals from the superior court's dismissal of his defamation claim under Ariz. R. Civ. P. ("Rule") 12(b)(6). We affirm because the claim was premised on privileged statements made in furtherance of a putative military prosecution.

### FACTS AND PROCEDURAL HISTORY

¶2        Coe, who is employed by the national guard, owns a home in the Maricopa Meadows community and is a member of the Maricopa Meadows Homeowners Association ("Association"). In August 2019, Coe received a letter from the Association's attorney alleging that he had disparaged, defamed, and harassed the board of directors and their spouses to incite animosity in the community. The Association accused Coe of engaging in actions unbecoming of a military member in violation of military code and threatened to inform the Investigations Division of the United States Military ("Division") if he did not immediately stop engaging in these activities. Coe complied with the Association's request only temporarily.

¶3        In October 2020, the Association's attorney sent a letter to the Division asking it to investigate Coe's actions to determine whether he violated military code. The Association alleged that while Coe was running for the Association's board of directors, he placed mailers on every door in the community directing the owners to a website that contained false and

---

[1]        Judge Peter B. Swann was a sitting member of this court when the matter was assigned to this panel of the court. He retired effective November 28, 2022. In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and pursuant to A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Swann as a judge *pro tempore* in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office and for the duration of Administrative Order 2022-162.

misleading statements about the current board.  The Association offered to provide the Division with any documents or witnesses it needed to conduct its investigation.

**¶4**        The Division did not take any action regarding the Association's complaint.  In March 2021, Coe filed a defamation action in the superior court against the Association.  The Association moved to dismiss the complaint under Rule 12(b)(6), arguing that Coe failed to state a claim upon which relief can be granted because the Association's statements were absolutely privileged under the Restatement (Second) of Torts § 586.  The court granted the Association's motion, dismissing Coe's complaint with prejudice.

**¶5**        Coe appeals.

## DISCUSSION

**¶6**        Coe contends that the superior court erred by dismissing his defamation claim because the Association's statements are not absolutely privileged.  We review Rule 12(b)(6) dismissals de novo, assuming the truth of all well-pled factual allegations in the complaint.  *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶¶ 8–9 (2012).  We will affirm only if "as a matter of law [ ] plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof."  *Id.* at ¶ 8 (citation omitted).  "Whether a communication is privileged is a question of law for the court; we are not bound by the trial court's conclusions of law, which we review *de novo*." *Johnson v. McDonald*, 197 Ariz. 155, 157, ¶ 2 (App. 1999).

**¶7**        Statements made in furtherance of proposed judicial proceedings are absolutely privileged.  *Green Acres Tr. v. London*, 141 Ariz. 609, 621–22 (1984).  When statements are absolutely privileged, the declarant is immune from a defamation claim, and "courts do not inquire into the declarant's motives or whether the statements were made in good faith."  *Ledvina v. Cerasani*, 213 Ariz. 569, 571, ¶ 4 (App. 2006) (citation omitted).  To be sure, such absolute privilege "may on occasion work to protect those who make intentionally false and malicious defamatory statements."  *Id.* at 574, ¶ 15.  But in that situation, an aggrieved individual is not without remedy—he may have a claim for abuse of process or malicious prosecution.  *Id.* at 575, ¶ 15.  The declarant also may find himself subject to criminal prosecution for perjury or false statements.  *Id.*

**¶8**        Relying on *Ledvina*, the Association argues that the court did not err in dismissing Coe's defamation claim because statements to military law enforcement are absolutely privileged.  In *Ledvina*, the plaintiff sued the

defendant for defamation based on his report to law enforcement that the plaintiff had slashed the tires of his car. *Id.* at 570, ¶ 2. Relying on the Restatement (Second) of Torts §§ 587–88 and 598 comment (e), we held that the defendant's report was absolutely privileged, noting that "both formal and informal complaints and statements to a prosecuting authority [are] part of the initial steps in a judicial proceeding, and as such [are] entitled to absolute immunity from an action for defamation." *Id.* at 572–73, 575, ¶¶ 10–11, 16 (citation omitted).

**¶9** As a member of the national guard, Coe is subject to the Arizona Code of Military Justice ("Code") and the jurisdiction of the national guard's courts-martial. *See* A.R.S. §§ 26-1002(A), -1017. General, special, and summary courts-martial may try and sentence "any offense made punishable" by the Code. A.R.S. §§ 26-1018, -1019, -1020. Punishable offenses include "all disorders and neglects to the prejudice of good order and discipline in the armed forces, [and] all conduct of a nature to bring discredit on the national guard and crimes and offenses not capital." A.R.S. § 26-1134.

**¶10** In view of the national guard's broad authority to try and sentence Coe for all conduct that could discredit the organization, the Association's report to the Division was absolutely privileged. We are unpersuaded by Coe's contention that the privilege did not apply because his dispute with the Association was "not a matter of vital public interest, nor National Guard interest." The Code indisputably establishes that the national guard has authority to try and sentence any member behavior that may discredit it. Coe's alleged behavior qualifies under that standard. And because the privilege is absolute, Coe's contention that the Association reported him in bad faith is of no moment in this appeal.

**¶11** We are unpersuaded by Coe's reliance on *Lewis v. Oliver*, 178 Ariz. 330 (App. 1993). In *Lewis*, we held that a defendant's report to a government hotline was conditionally privileged because it related to a potential administrative proceeding, not a judicial or quasi-judicial one. *Id.* at 332, 334–35. Here, by contrast, the national guard was authorized to use the Association's report to initiate a court-martial. We reject Coe's contention that the absolute privilege did not apply because the Division could (and apparently did) elect not to pursue a court-martial. Whether an absolute privilege applies cannot depend on how a law enforcement agency empowered to initiate judicial or quasi-judicial proceedings decides to proceed after the statements are made.

**CONCLUSION**

**¶12**    The superior court properly dismissed the defamation action because it was premised on privileged statements.  We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA